UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED STATES OF AMERICA | 15 Cr. 495 (ARR) |
| - against - | **DECLARATION** |
| RAKIEN FIGUEROA, | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

STATE OF NEW YORK            )
COUNTY OF NEW YORK      : ss.:
EASTERN DISTRICT OF NEW YORK   )

Anthony L. Ricco, Esq., pursuant to Title 28, United States Code, section 1746, hereby declares the following under the penalties of perjury:

I have been appointed under the Criminal Justice Act to represent Rakien Figueroa in the above docketed case, and I make this declaration in support of the motion to vacate his conviction in this case on the grounds alleging the ineffective assistance of his trial counsel Susan Kellman.

The statements asserted as fact are based upon my conversations with Rakien Figueroa at the MDC and with his former counsel Susan Kellman. Any matters which I lack personal knowledge are asserted herein upon information and belief.[1]

I. Background

In a single count indictment, Rakien Figueroa, was charged with possessing a firearm after previously being convicted of a felony in violation of 18 U.S.C. § 922(g)(1). In support of the single count indictment, the prosecution alleged that on August 18, 2015, two New York City Police officers

---

[1] On November 28, 2016, Rakien Figueroa was provided with a declaration which set forth the factual assertions supporting this application at the MDC. Rakien Figueroa has yet to execute that declaration, however, he advises me that he shall execute a waiver of the attorney client privilege which shall permit an attorney affidavit to be filed by his former counsel pursuant to the protocols set forth in *Coluccio v. United States*, 289 F. Supp. 2d 303 (EDNY 2003) and *Douglas v. United States*, Docket No. 09 CV 9566 (CM), 2011 WL 335861 (SDNY, January 28, 2011). Rakien Figueroa has also indicated a desire to execute his own declaration supporting the relief requested in the notice of motion. However, to prevent the further delay of the resolution of this claim, the present motion and supporting declaration has been filed.

riding on patrol, in an unmarked vehicle, claimed to witness Rakien Figueroa operating a black SUV and blocking traffic on Stanley Avenue in Brooklyn, New York.[2] The police officers claimed that they observed Rakien Figueroa then park the SUV in front of a nearby fire hydrant just off the corner of Stanley Avenue and Crescent Street. The Police officers claimed that they further observed Rakien Figueroa exit the vehicle, as they drove past in their unmarked vehicle. Police Officer Ward in particular claimed that he observed a black clip in Rakien Figueroa's waistband and that it looked life a gravity knife or a weapon. Police officer Ward claimed that he actually observed Rakien Figueroa remove the object from his waistband and place it inside the driver's side of the vehicle.

Claiming that Rakien Figueroa was recognized from a wanted poster, the police officers then made a U-Turn and returned to the vehicle and approached Rakien Figueroa and Anthony Womack. The police officers subsequently apprehended Rakien Figueroa and recovered a firearm from the front driver's side of the vehicle. The jury accepted the facts as presented by the government prosecutors and rejected the arguments of Rakien Figueroa's trial attorneys. By the entry of his not-guilty plea on the indictment, Rakien Figueroa denies and disputes the existence above facts as presented by the government.

Rakien Figueroa asserts, in support of this application, that his trial counsel "failed to present the testimony of Anthony Womack, or Anthony Womack's declarations, which would have served to contradict that statements of the arresting officers Allan Ward and Jamar Goddard on material issues."

Since his arrest on August 18, 2016, Rakien Figueroa has and continues to deny to each of his successive attorneys, that he ever operated the Black SUV and that he ever possessed any firearm or weapon. Since his arrest, Rakien Figueroa has informed each appointed counsel that it was Anthony

---

[2] The Police officers were Allan Ward and Jamar Goddard of the Public Service Area No. 2 Command and were on patrol in plain clothes and in an unmarked car in the vicinity of 1165 Stanley Avenue, Brooklyn, New York, an address within the Louis H. Pink Public Housing Projects in East New York.

Womack who possessed the firearm and that Anthony Womack was willing to testify on behalf of Rakien Figueroa. Rakien Figueroa asserts that he informed Peter Kirchheimer his first attorney and later Susan Kellman, who replaced Mr. Kirchheimer, that Anthony Womack acknowledged that he possessed the firearm seized by the police on August 18, 2015 and that the firearm was not in the location inside the black SUV as claimed by the arresting police officers.

Rakien Figueroa further asserts that both Peter Kirchheimer and Susan Kellman informed him that an investigator had, in fact, interviewed Anthony Womack, and that Anthony Womack had confirmed that he wanted to testify at Rakien Figueroa's trial to inform the jury that the gun seized by police belonged to and was possessed only by Anthony Womack. Susan Kellman has confirmed that when she was appointed as counsel, she did, in fact, meet with and interview Anthony Womack on several occasions and that Anthony Womack, in fact, appeared in court on more than one occasion.

Upon my appointment as counsel, I was informed by Susan Kellman that during Rakien Figueroa's trial, Anthony Womack told her that he wanted to testify on Rakien Figueroa's behalf. Susan Kellman further advised me that Anthony Womack also informed her that he (Anthony Womack) had a criminal case pending in the Criminal Court of the City of New York, Kings County for the possession of the very same firearm subject to the federal charge pending against Rakien Figueroa.

I have been further advised by attorney Susan Kellman that Anthony Womack appeared in the federal courthouse during the trial, for the purpose of testifying or taking the Fifth Amendment, since he had a charge pending in New York state court for the very same firearm.

There is no question that Susan Kellman is an outstanding criminal defense attorney with an impeccable reputation for providing a very high level of legal representation to criminal defendants. In his case, however, Rakien Figueroa asserts that the decision not call Anthony Womack as a witness and/or move to introduce into evidence his declarations against interest, fell below "an objective standard of reasonableness" under "prevailing professional norms," and that, as a result, he suffered

prejudice because there was a reasonable probability that, but for counsel's errors, the result of the trial would have been different.

Rakien Figueroa asserts that Susan Kellman did not call Anthony Womack as a witness, and, alternatively failed to file a motion to have Anthony Womack's declarations against interest introduced into evidence if he was, in fact, unavailable. In a case where the possession of the firearm was an element to the offense that was required to be proven by the government, Rakien Figueroa asserts that Anthony Womack's declaration against interest that he possessed the firearm in question at the time and place where the police claimed Rakien Figueroa did, would have been relevant, material and impacted the jury's ultimate findings of fact.

Finally, Rakien Figueroa asserts that after the verdict in his case, Susan Kellman has visited him at the MDC and explained that she did not call Anthony Womack as a witness nor make an application for the introduction of Anthony Womack's prior declarations under the federal rule of evidence which permits the introduction of such a declarations. Rakien Figueroa asserts that had Susan Kellman either called Anthony Womack as a witness and/or moved to introduce into evidence Anthony Womack's declaration against interest, there was a reasonable probability that the result of the trial would have been different.

WHEREFORE, Rakien Figueroa prays for an Order granting the relief requested in the Notice of Motion or in the alternative for an evidentiary hearing and/or for such other and further relief as to this Court may deem just and proper.

Dated: New York, New York
   December 20, 2016

                 *Anthony L. Ricco*
                 Anthony L. Ricco